

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

BIN WEN a/k/a Ben,

         Defendant.

**DECISION AND ORDER**

6:17-CR-06173 EAW

_____

UNITED STATES OF AMERICA,

v.

PENG ZHANG a/k/a Jessica,

         Defendant.

6:17-CR-06174 EAW

_____

## DISCUSSION

Defendants Bin Wen ("Wen") and Peng Zhang ("Zhang") (collectively "Defendants"), who are husband and wife, were sentenced on February 6, 2019. (Case No. 6:17-cr-06173, Dkt. 84; Case No. 6:17-cr-06174, Dkt. 83).[1] Judgments were entered on February 11, 2019. (Wen Dkt. 86; Zhang Dkt. 84) (hereinafter the "Judgments"). Pursuant to the Judgments Defendants are jointly required to pay $5.5 million dollars in restitution to the federal agencies

---

[1] Hereinafter, references to the docket in Case No. 17-cr-06173 are denoted as "Wen Dkt. __" and references to the docket in Case No. 17-cr-06174 are denoted as "Zhang Dkt. __."

- 1 -

that were the victims of their crimes, with payment to begin immediately. (Wen Dkt. 86; Zhang Dkt. 84). It is possible that this restitution amount may ultimately largely be satisfied by assets forfeited by Defendants. Once these assets are sold and the resulting funds are forfeited, the Government will submit petitions for remission to the Money Laundering and Asset Recovery Section of the Department of Justice, asking that the forfeited funds be applied to the required restitution payments.

Defendants have now filed motions asking the Court to (1) suspend payment of restitution until after the remission petitions are resolved and (2) stay the deadline for Defendants to seek a correction and/or modification of the Judgments until after final disposition of the remission petitions. (Wen Dkt. 93; Zhang Dkt. 90).[2] The Government "does not oppose the defendants' request to suspend the payment of the restitution until a final amount of forfeiture is determined and the petitions for remission are resolved." (Wen Dkt. 94; Zhang Dkt. 91). However, the Government does oppose Defendants' request to stay the deadline to seek modification or correction of the Judgments, though it has failed to articulate any reasons for its opposition. (Wen Dkt. 94; Zhang Dkt. 91).

With respect to the request to suspend the payment of restitution pending final disposition of the remission petitions, "[a] modification of the terms of payment of restitution is not a modification in sentence." *United States v. Lochard*, 555 F. App'x 94, 96 (2d Cir. 2014). Instead, 18 U.S.C. § 3664 grants the Court "the authority . . . to modify a restitution

---

[2] The initially filed versions of these motions misstated the Government's position as to the requests and corrected motions were filed. The initially filed motions (Wen Dkt. 91; Zhang Dkt. 88) are denied as moot.

schedule post-sentence[.]" *Id.* In particular, pursuant to § 3664(k), the Court "may adjust a payment schedule when a defendant demonstrates that his ability to pay restitution has changed." *Id.* at 97; *see also* 18 U.S.C. § 3664(k) ("Upon receipt of [a] notification [regarding a material change in a defendant's economic circumstances], the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."). In this case, Defendants are now subsisting solely on Zhang's minimum wage salary and are unable to make any restitution payments. (Wen Dkt. 93 at 2; Zhang Dkt. 90 at 2). Moreover, the Government has raised no objection to the request to modify the schedule for payment of restitution. Accordingly, the Court grants Defendants' request to the extent that the payment of restitution is suspended until a final amount of forfeiture is determined and the remission petitions are resolved. *See United States v. Bowles*, No. 98 CR.1281 DLC, 2003 WL 21396691, at *2 (S.D.N.Y. June 16, 2003) (suspending payment of restitution while the defendant was incarcerated because his physical ailments had impacted his economic circumstances and rendered him unable to work while imprisoned).

However, the Court lacks the authority to grant Defendants' request to extend the deadline to file a motion to correct or modify the Judgments. "[A] district court's ability to correct or modify a sentence is narrowly circumscribed by Fed. R. Crim. P. 35 and 36[.]" *United States v. Spallone*, 399 F.3d 415, 418 (2d Cir. 2005). Federal Rule of Criminal Procedure 36 applies to the correction of clerical errors and does not apply here. Instead, any motion to correct or modify the Judgments would be governed by Federal Rule of Criminal Procedure 35, which contains express deadlines. The Second Circuit has held that those

deadlines are "jurisdictional." *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995). Moreover, Federal Rule of Criminal Procedure 45(b)(2) expressly states that "[t]he court <u>may not extend the time to take any action under Rule 35</u>, except as stated in that rule." *Id.* (emphasis added). The Supreme Court has confirmed that "Rule 45(b)(2) creates inflexible claim-processing rules" and that accordingly "time limits made binding under Rule 35 may not be extended." *Dolan v. United States*, 560 U.S. 605, 623 (2010) (quotations and citations omitted). Accordingly, the Court cannot, as Defendants have requested, hold the deadlines set forth in Rule 35 in abeyance pending the resolution of the remission petitions, as this would amount to an impermissible extension of the Rule 35 deadlines. This part of Defendants' motions is therefore denied.

## CONCLUSION

For all the foregoing reasons, the Court grants in part and denies in part Defendants' post-sentence motions. (Wen Dkt. 93; Zhang Dkt. 90). In particular, the Court grants Defendants' request to suspend the payment of restitution until a final amount of forfeiture is determined and the remission petitions are resolved. The Court denies Defendants' request to extend the deadline to file a motion to correct or modify the Judgments. Defendants' originally filed motions (Wen Dkt. 91; Zhang Dkt. 88) are denied as moot.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: February 28, 2019
 Rochester, New York