UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

BIN WEN a/k/a Ben,

        Defendant.

**ORDER**

6:17-CR-06173 EAW

---

On February 2, 2018, defendant Bin Wen ("Defendant") pleaded guilty to a two-count Information charging (1) a violation of 18 U.S.C. § 1349 (conspiracy to commit wire fraud) and (2) a violation of 18 U.S.C. § 1957(a) (engaging in monetary transactions in property derived from specified unlawful activity). (Dkt. 43). On February 6, 2019, Defendant was sentenced to 33 months on each count, to run concurrently, with three years of supervised release to follow. (Dkt. 86). On February 25, 2020, after serving his prison time at the Federal Correctional Institution Satellite Camp in Cumberland, Maryland, Defendant was transferred to a residential reentry center/halfway house, Hope Village, in Washington, D.C. (hereinafter "Hope Village"). (Dkt. 99 at 2). The Bureau of Prisons has calculated that Defendant's eligibility date for home confinement is July 21, 2020, and his anticipated release date to supervised release is October 28, 2020. (*Id*.).

On April 7, 2020, Defendant filed an Emergency Motion for Release from Hope Village due to the pandemic caused by the Coronavirus Disease 2019 ("COVID-19"). (Dkt. 99) (hereinafter "Defendant's Emergency Motion"). The Government has opposed the

motion. (Dkt. 102). A telephonic oral argument was held on April 10, 2020 (Dkt. 104), after which Defendant submitted a supplemental declaration concerning his administrative exhaustion of remedies, as requested by the Court. (Dkt. 105).

After considering the applicable factors set forth in 18 U.S.C. § 3553(a), the standard set forth at 18 U.S.C. § 3582(c)(1)(A), and the Policy Statement of the Sentencing Commission set forth at U.S.S.G. § 1B1.13, the Court hereby finds that extraordinary and compelling reasons warrant a reduction in Defendant's sentence; and further finds that the administrative exhaustion requirement has been satisfied and/or waived; and further finds that Defendant is not a danger to the safety of any other person or to the community; and further finds that a reduction in sentence is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the Policy Statement set forth at U.S.S.G. § 1B1.13;

Accordingly it is hereby ORDERED as follows:

1. Defendant's Emergency Motion (Dkt. 99) is hereby GRANTED;

2. Defendant's sentence is hereby reduced to TIME SERVED and Defendant is ordered to be IMMEDIATELY RELEASED. The Court directs the Bureau of Prisons to immediately commence the process of releasing Defendant from custody, and the United States Attorney's Office is directed to take all steps to communicate and facilitate Defendant's immediate release;

3. Defendant's conditions of supervised release are modified as follows:

   a. Following his release, Defendant must be transported directly from Hope Village to his home at 13507 Coates Lane in Herndon, Virginia, and may not make additional stops on his return home; and,

    b.  Upon returning to his home, Defendant must self-quarantine for fourteen (14) days.

  The Court has issued this Order because of the urgency of Defendant's Emergency Motion, but will be issuing a Decision and Order setting forth its reasoning in further detail.

  SO ORDERED.

              _____
              ELIZABETH A. WOLFORD
              United States District Judge

Dated: April 10, 2020
    Rochester, New York