UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      **DECISION AND ORDER**

      v.

                                      6:17-CR-06173 EAW

BIN WEN a/k/a Ben,

               Defendant.
_____

Defendant Bin Wen ("Defendant"), who is currently serving a three-year supervised release term, has filed a motion through counsel for early termination of his supervision. (Dkt. 113). Defendant was sentenced by the undersigned on or about February 6, 2019, to 33 months in prison to be followed by three years of supervised release, for his convictions for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and money laundering in violation of 18 U.S.C. § 1957. Defendant argues that his status on supervised release has impaired his job prospects. (*See* Dkt. 113-2 at ¶ 9). This in turn, Defendant claims, has impeded his ability to pay the restitution still owing of approximately two million dollars. (*Id.* at ¶¶ 10-11). However, Defendant was apparently employed between January 2021 and March 2022 in a lucrative job (*id.* at ¶ 7), and yet he made no payments toward restitution during that time period (*see* Dkt. 112 at ¶ 5). As a result of the restitution still owing and the

lack of any payment history by Defendant, the government opposes Defendant's motion. (Dkt. 115).[1]

Section 3583(e)(1) of Title 18 of the United States Code states, in relevant part, as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

Thus, pursuant to the express terms of § 3583(e)(1), at least one year of supervised release must have been served, the applicable factors set forth at 18 U.S.C. § 3553(a) must be considered, and a court must be satisfied that the early termination is warranted by the conduct of the defendant and the interest of justice. "Simply complying with the terms of [supervised release] . . . and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination. . . ." *United States v. Finkelshtein*, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018); *see*, *e.g.*, *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] . . . post-incarceration conduct is apparently

---

[1] On July 26, 2022, the Court approved a stipulation between the parties concerning the payment of restitution, which will extend past the expiration of Defendant's supervised release term. (Dkt. 112).

unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

Here, Defendant has served the necessary time on supervised release to qualify for an early termination. Furthermore, it is commendable that Defendant appears to be taking positive steps in his life. However, the lack of any significant payment history toward restitution by Defendant combined with the amount of restitution still owed necessitates denial of the motion. *See* 18 U.S.C. § 3553(a)(7) (identifying among the relevant factors "the need to provide restitution to any victims of the offense"). Moreover, with respect to Defendant's claims that he has been hampered in his ability to find employment, the reality is that he was able to find employment previously—and the Court suspects that Defendant's criminal record presents more of a challenge to any employment hiring than his status on supervised release. Thus, the requested relief is neither warranted based on the applicable factors set forth at 18 U.S.C. § 3553(a) nor is it in the interest of justice. Defendant's underlying crimes are extremely serious, and the Court concludes that based on all the relevant factors, Defendant's request to terminate his supervised release term early is not warranted.

Accordingly, Defendant's motion for early termination of supervised release is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   December 1, 2022
         Rochester, New York